UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DWIGHT E. CHANCE,

               Petitioner,

   v.

JEFFREY UTTECHT,

               Respondent.

CASE NO. 3:17-cv-05525-RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: MARCH 16, 2018

    The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner filed the petition pursuant to 28 U.S.C. § 2254.

    Petitioner Dwight E. Chance alleges that the trial court sentenced him for a class A felony when a jury had only convicted him of a class B felony. However, petitioner filed this petition fifteen years after the statute of limitations expired and has not shown the extraordinary

circumstances required to excuse his lateness. Therefore, the petition is untimely and the Court recommends dismissing it as such.

## BASIS FOR CUSTODY AND FACTS

Petitioner was convicted of first-degree assault, second-degree assault, first-degree malicious mischief, and stalking. He was sentenced to a standard range 18 months for malicious mischief, but exceptional sentences of 120 months for the second-degree assault and 360 months for the first-degree assault, all to be served concurrently. Dkt. 15, Ex. 1. He was also sentenced to 12 months for stalking, to be served consecutively with his other sentences. He is currently incarcerated in the Coyote Ridge Corrections Center.

The Washington State Court of Appeals stated the facts of petitioner's case as follows:

> In 1991, William Gilbert[1] prosecuted Chance for residential burglary and assault in the second degree. The victim of the burglary and assault was Chance's wife. Gilbert left the prosecuting attorney's office for private practice in 1993. In late 1994 or early 1995, Chance began harassing Gilbert. Gilbert sought police protection and eventually obtained a no-contact order. Chance harassed and intimidated Gilbert off and on for several years.
>
> On August 3, 1998, out of Gilbert's presence, Chance threatened Gilbert's life at the Thurston County Courthouse. A sheriff's captain learned of the threat and accompanied Gilbert out of the courthouse to his car. Chance was sitting near Gilbert's car, so the captain stayed with Chance while Gilbert left in his car. Chance immediately jumped into his own car and chased after Gilbert. He pursued Gilbert through heavy traffic, sometimes driving on the shoulder of the road. Chance rammed Gilbert's car with his own. A few minutes later, Chance chased Gilbert on foot, eventually tackling[2] him to the ground and grabbing him around the neck. The altercation occurred just outside the courthouse. Bystanders separated the two men. Gilbert fractured his elbow and injured his ribs, thumb, and hip in the altercation. The cost of repairs to Gilbert's car was approximately $3,260.
>
> On the morning of trial, the court allowed the State to file an amended information. Count I of the amended information charged assault in the first degree (car-ramming incident); Count II, assault in the first degree (courthouse assault); Count

---

[1] In 1991, Gilbert was a deputy prosecuting attorney at the Thurston County Prosecutor's Office. [footnote by Court of Appeals]

[2] Testimony from several witnesses indicated that he tackled Gilbert either as Gilbert was running or as he tried to regain his footing after stumbling. [footnote by Court of Appeals]

III, malicious mischief in the first degree (car damage); and Count IV, stalking. The jury found Chance guilty as charged on Counts II, III and IV, but convicted him of the lesser included offense of assault in the second degree for the car ramming incident charged in Count I.

The court sentenced Chance to 18 months for Count III (malicious mischief) and 12 months for Count IV (stalking). The court imposed an exceptional sentence of 120 months for Count I (assault in the second degree) and 360 months for Count II (assault in the first degree). The court cited deliberate cruelty and retaliation as aggravating factors justifying the exceptional sentences and found that either factor was sufficient to justify the exceptional sentences. The court imposed concurrent sentences on Counts I, II and III, but, because Chance had numerous warnings and opportunities to stay away from Gilbert over a long period of time and refused to do so, the trial court ordered Chance to serve the sentence for stalking consecutively to the other three sentences.

Dkt. 15, Ex. 3 at 2-3; *State v. Change*, 105 Wash. App. 291, 294-95 (Div. II 2001).

## **PROCEDURAL HISTORY**[3]

The trial court sentenced petitioner on February 4, 1999. Dkt. 15, Ex. 1. He appealed directly, arguing that the trial court had improperly admitted the fact of his prior conviction, that he was convicted on insufficient evidence, and that he received ineffective assistance of counsel. *Id*., Ex. 3. The Court of Appeals sustained his conviction (*Id*., Ex.4) and petitioner appealed to the Washington Supreme Court, which similarly denied his appeal (*Id*., Ex. 5). The Washington Supreme Court terminated review on September 5, 2001, and the statute of limitations for petitioner's habeas petition began running ninety days later, on December 4, 2001. *Id*. Exs. 5, 6.

On September 3, 2015, petitioner filed his first personal restraint petition with the Washington Supreme Court, claiming again that he was convicted based on insufficient evidence and that the trial court erred when imposing legal financial obligations. *Id*., Ex. 7. The Washington Supreme Court transferred the petition to the Court of Appeals (*Id*., Ex. 8), which

---

[3] Respondent notes that, due to the passage of time, the Washington records of petitioner's direct appeal have been destroyed and so respondent relied on the Washington courts' docket entries instead. Dkt. 12 at 3 n.4. This Court similarly relies on those docket entries here.

REPORT AND RECOMMENDATION - 3

dismissed the petition as untimely (*Id*., Ex. 10). Petitioner did not appeal this decision, and the judgment became final on January 25, 2016. *Id*., Ex. 11.

Petitioner filed a second personal restraint petition on September 9, 2016, addressing the timeliness of his petition and again challenging his legal financial obligations. *Id*., Ex. 12. The Court of Appeals again dismissed the petition as untimely. *Id*., Ex. 13. Petitioner filed a motion for discretionary review with the Washington Supreme Court (*Id*., Ex. 14), which the court denied as untimely on June 21, 2017 (*Id*. Ex. 16).[4]

On April 29, 2016, petitioner filed a motion pursuant to CrR 7.8 to terminate his legal financial obligations with the Thurston County Superior Court. *Id*., Ex. 17. That court treated the motion as a third personal restraint petition and transferred it to the Court of Appeals. *Id*., Ex. 18. On August 30, 2016, the commissioner for the Division II Court of Appeals notified petitioner that his petition had been stayed pending the outcome of a separate case. *Id*., Ex. 19. Respondents have included no more recent state court documents, so the Court assumes that petitioner's third personal restraint petition is still pending before the Washington court.

## STANDARD OF REVIEW

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a habeas corpus petition may be granted with respect to any claim adjudicated on the merits in state court only if the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or if the decision was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d).

---

[4] Though the Washington Supreme Court denied petitioner's motion for discretionary review as untimely, the commissioner also addressed the merits of petitioner's claims, finding his arguments unpersuasive. Dkt. 15, Ex. 16.

REPORT AND RECOMMENDATION - 4

## EVIDENTIARY HEARING

The decision to hold a hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Landrigan*, 550 U.S. at 474.

Here, the matter before the Court is the timeliness of petitioner's habeas petition. Because of this, the Court need not make factual findings on the merits of the petition. Thus, an evidentiary hearing is unnecessary.

## DISCUSSION

### I. Timeliness of Habeas Petition

Petitioner raises only one ground for relief -- namely that he was convicted of a class B felony, but sentenced for a class A felony. However, he waited until fifteen years after the statute of limitations expired to bring this claim before a federal habeas court.

AEDPA established a statute of limitations for petitions filed by prisoners challenging their custody under a state court judgment and sentence. 28 U.S.C. § 2244(d). Where the challenged judgment became final after April 24, 1996, a petitioner has one year from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For purposes of 28 U.S.C. § 2244(d)(1)(A), direct review generally concludes and the judgment becomes final either upon the expiration of the time for filing a petition for writ of certiorari with the Supreme Court, or when the Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Thus, if a case could be appealed to the Supreme Court, the statute of limitations begins to run when the 90 days to seek certiorari expires. *Id*. at 1159. However, the judgment

becomes final on an earlier date where the direct review has terminated prior to reaching the state's highest court. *Gonzalez v. Thaler*, 565 U.S. 134, 147-154 (2012); *Wixom v. Washington*, 264 F.3d 894 (9th Cir. 2001).

Here, petitioner's habeas petition is untimely. The Washington Supreme Court finalized its judgment on petitioner's direct appeal on September 5, 2001. Dkt. 15, Exs. 5, 6. Because petitioner did not seek review from the United States Supreme Court, the statute of limitations began running on his habeas petition on December 4, 2001, ninety days after the Washington Supreme Court's judgment. Thus, his one year window to file the petition expired on December 4, 2002. However, he did not file his first personal restraint petition until 2015 (*Id.*, Ex. 7) and did not file this habeas petition until 2017 (Dkt. 1). This is well outside the one-year time limit to file a habeas petition under AEDPA. Because of this, petitioner's habeas petition is untimely. Therefore, the Court will not consider it absent a showing of equitable tolling.

**II.     Equitable Tolling**

The statute of limitations may be subject to equitable tolling if the petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Here, petitioner has not alleged that some extraordinary circumstance prevented him from filing his habeas petition on time and the Court can discern no evidence of one. Petitioner alleges that, because he is challenging a sentence in excess of the trial court's jurisdiction, he is excused from the time bar under Washington statute RCW 10.73.100. Dkt. 8 at 13-14. However, this statute governs the circumstances under which a Washington court can entertain an untimely

REPORT AND RECOMMENDATION - 6

state petition for post-conviction relief. It has no application to federal habeas proceedings. Therefore, the Court recommends denying petitioner's habeas petition as untimely.

## CERTIFICATE OF APPEALABILITY

Petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only if petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Pursuant to this standard, this Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

## CONCLUSION

Petitioner filed his habeas petition fifteen years after the statute of limitations had expired and has provided no showing of the extraordinary circumstances required for this Court to toll the statute of limitations. Therefore, the Court recommends petitioner's habeas petition be denied as untimely.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*

1 | *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

2 | imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

3 | March 16, 2018, as noted in the caption.

4 |     Dated this 20 day of February, 2018.

                                                          J. Richard Creatura
                                                          United States Magistrate Judge